### WOOD, vs. STEAM-BOAT FORT ADAMS AND OWNERS.

A partner has no action against his co-partner for any sum paid by the former for the partnership, until a final settlement takes place.

Even when the claim has been settled and acknowledged.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff and appellant urges, the district judge erred in dismissing his petition. on the ground that his suit was not maintainable, being against his co-partners and joint owners, for a specific claim against the joint concern, under the authority of the case of *Drumgoole* vs. *Gardner's widow and heirs.* 10 *Martin,* 433. He denies the conclusion to

which the court came in that case, and the re-Eastern Dist.
*June* 1827.

WOOD
*vs.*
S. B. FORT
ADAMS &
OWNERS.
semblance of the present to it.

The plaintiff states that the steam boat and its owners owe him the sum of three thousand dollars and upwards, with conventional interest, for wages, supplies, and disbursements, for which sum he claims a lien on the boat; and he avers he is owner of one-tenth of the boat. He concludes for citations and the provisional seizure of the boat.

This is therefore clearly an action, in which a part owner, or partner, seeks the recovery of money alleged to be due him by his co-partners or joint owners, for advances to the partnership or joint concern. The principles recognized in the case cited are therefore to regulate this case; for the plaintiff does not seek a general and final settlement of the debts, active and passive of the co-partners or joint tenants, but the absolute payment of a specific demand of his. We see, therefore, a perfect resemblance in the two cases. as to the facts to which the principles apply.

The principle is however oppugned as borrowed from the common law, and on account of its technicality.

Justice in all countries, emphatically re-

EasternDis'ct
June, 1827

WOOD
vs.
S. B. FORT
ADAMS &
OWNERS.

quires, that those who demand their own should give to others theirs—that a multiplicity of actions should be avoided; that, as in the course of a partnership, its members are respectively, at different periods, creditors or debtors, no special transaction of it should be settled abstractedly from the others; but that whenever one partner desires to receive what is his, the accounts should be settled at the same time, and the respective balance ascertained.

These principles apply to special as well as to commercial partnerships.

But the plaintiff and appellant argue, that to them there is an exception, and *he* is within it.

The exception is, when the claim of a partner has been settled and acknowledged, an action may be maintained thereon.

To bring himself within this exception, he shews that one of the partners or joint owners acknowledged a balance due to the plaintiff, bearing interest at ten per cent. and the same person, and another owner, gave him a promissory note, in their own names, and that of the other owners.

But it is not shewn, that either of the joint owners, who acknowledged a balance to the

plaintiff or subscribed the note, had any autho-
rity to bind the others.

The case is not to be distinguished from that
cited in *Mart. Faurie & al.* vs. *Millaudon &*
*al.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court
be affirmed with costs.

*Whittlesey* for the plaintiff, *Peirce* for the
defendant.